## UNITED STATES *v.* GRANITE COMPANY.

Where a party who delivered granite was, by the terms of his contract, to receive
"the sum of sixty-five cents per cubic foot for all stones when the quarried
dimensions do not exceed twenty cubic feet in each stone, and one cent
additional for every cubic foot of those having such dimensions exceeding
twenty feet," — *Held*, that where the dimensions of a stone exceed twenty
feet, he is entitled for each cubic foot sixty-five cents, and one cent additional
for every cubic foot of the entire stone.

APPEAL from the Court of Claims.

The Dix Island Granite Company, a corporation created
under the laws of New York, contracted with the United States
to deliver at the site of the post-office in the city of New York
all such granite as might be required for the construction
of the building, "wrought and dressed in such manner and
style of workmanship" as might be directed by the United
States. The latter stipulated to pay for the stone delivered
"the sum of sixty-five cents per cubic foot for all stones when
the quarried dimensions do not exceed twenty cubic feet in
each stone, and one cent additional for every cubic foot of
those having such dimensions exceeding twenty feet."

Under the contract the company delivered, at the proper
time and place, 456,544 cubic feet of granite, of which quantity
353,728 cubic feet were in stones the quarried dimensions of
which severally exceeded twenty cubic feet. In the settlement
of the account the parties disagreed as to the stipulated price
per cubic foot of stones the general dimensions of which ex-
ceeded twenty feet. The Treasury Department construed the
clause as allowing for each cubic foot of the stone sixty-five
cents, and one cent additional for every cubic foot exceeding
twenty, — thus, if the stone contained twenty-one cubic feet, the
price for each cubic foot of the entire stone was to be sixty-six
cents; if it contained twenty-two cubic feet, the price for each
was to be sixty-seven cents; and so on, increasing the price one
cent for each additional cubic foot. On the other hand, the
company construed the clause as allowing for each cubic foot
of the stone sixty-five cents, and one cent additional for every
cubic foot of the entire stone, — thus, if the stone contained

twenty-one cubic feet, the price was to be sixty-five cents plus twenty-one cents, that is, eighty-six cents a cubic foot of the entire stone; if it contained twenty-two cubic feet, the price was to be eighty-seven cents; and so on, adding to the sixty-five cents one cent for each cubic foot of the entire stone. The difference in the amounts resulting from the two interpretations as to the price of the granite delivered was $70,745.74.

The amount allowed by the department was paid on account, the question of the construction of the clause being reserved for judicial decision. The company thereupon brought the present action in the Court of Claims for the difference. Other demands were also included in the action; but as they were disallowed, and the company has not appealed, no reference need be made to them. For the difference in the price of the stone, mentioned above, the company recovered judgment, and the case is brought here for review.

*The Solicitor-General* for the United States.

*Mr. Enoch Totten* for the appellee.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

The clause of the contract in question, upon the interpretation of which the determination of this case must depend, divides the stones to be delivered into two classes, — those whose dimensions do not exceed twenty cubic feet, and those whose dimensions do exceed that number of cubic feet. For those of the first class the price is fixed at sixty-five cents a cubic foot. For those of the second class the price per cubic foot is fluctuating, increasing with the size of the stone; but the mode of ascertaining this price is prescribed. It is to add to the sixty-five cents as many cents as there are cubic feet in the stone; and this sum will constitute the price per cubic foot. The last clause must, therefore, be read as if the words " per cubic foot " were inserted in it; thus, " one cent additional [per cubic foot] for every cubic foot " of the larger stones, that is, for the whole number of such feet in the stone. It will serve to remove doubt as to the meaning of the clause if we look at it with the insertion of these words after elimi-

nating the provision as to the smaller stones. It will then read thus: "The party of the first part hereby covenants and agrees to pay . . . the sum of sixty-five cents per cubic foot for all stones . . . and one cent additional [per cubic foot] for every cubic foot" of the stones; that is, sixty-five cents for each cubic foot plus one cent for every cubic foot in the stone. This is the interpretation for which the claimant contends; and it appears to us to be the only one permissible from the language used. The interpretation adopted by the Treasury Department requires the interpolation of terms excepting from the computation the first twenty feet; and this exception is inconsistent with the provision that for "every cubic foot" of the larger stones an additional price is to be paid.

Nor is there anything unreasonable in the increased price for the larger stones required by this interpretation. Every contract must be considered with reference to the subject in respect to which it is made, and its language construed accordingly. It was stated by counsel on the argument, and the fact is a matter of common knowledge, that with builders, material-men, and architects the value, and consequently the price, of dressed building stone, per cubic foot, is determined by the size of the stone, and that this value cumulates with the size; thus, the value of a cubic foot of granite in a small block — weighing a single ton, for example — is much less than the value of a cubic foot in a larger block weighing several tons. The difficulty of preparing and moving blocks weighing several tons is very much greater than that of preparing and moving an equal quantity of stone in small blocks; and the expense of time and labor must, of course, be proportionately greater.

The contract compelled the company to furnish "all such stone" as might be required in the construction of the post-office building. It left the size of the blocks to the direction of the United States. They might have called for blocks equal in size to some of those furnished for the building of the Treasury Department, which are said to contain five hundred and sixty-three cubic feet, and to weigh forty-seven tons. The dressing and transportation of a stone of such a size would have been very much greater than the dressing and transporta-tion of forty-seven blocks each of a single ton. We do not,

therefore, appreciate the force of the objection urged by the government to the construction for which the claimant insists, that instead of allowing a rate gradually increasing beyond the twenty feet dimension, it requires, to quote the language of counsel, "a sudden leap at one point" when the dimensions of the stone pass the twenty cubic feet limit. Had the government called for blocks, all of one hundred or more cubic feet, as it might have done, the change would have been as much against the interest of the claimant as the supposed benefit to him by the change in price at the point mentioned. The reason suggested — and we cannot say that it is not a good one — for having a fixed price for blocks, not exceeding twenty cubic feet, is, that blocks of that size and weight could be handled by a known power, for which provision was made; but for moving stones of a larger size special arrangements would be required, depending upon their dimensions and weight. It may well be that at the point where stones can be readily handled, and beyond which special arrangements are required to move them, a great change should be made in the price. The company may have been indifferent as to their weight and size under a specified figure, and yet been unwilling to furnish any of a larger size without a greatly increased price.

There are many articles in commerce whose value is greatly increased by a small augmentation in size, and they are consequently sold at a cumulative price, as their dimensions are enlarged. Plate-glass is one of them; diamonds are another. Such increased value arises either from the greater rarity of the article of the larger size, or the greater difficulty in its production or transportation. The cumulative character of the price in the present case is not exceptional, for the reasons mentioned, that the difficulty and expense of moving the blocks increase with their size. It is stated in the able opinion of one of the justices of the Court of Claims, that the price of similar stones bought by the government for the building of the Treasury Department was seventy cents per foot for those of ten feet, eighty cents for those of twenty feet, ninety cents for those of thirty feet, and so on; in other words, that there was a cumulative price for every additional cubic foot of the stone.

Applying the contract to the subject to which it relates, we think that the interpretation placed by the company upon the clause as to the price was correct.

*Judgment affirmed.*

Mr. Chief Justice Waite, Mr. Justice Miller, and Mr. Justice Harlan dissented.